UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LETA HARDING-TUBBS,                    :
                                       :
         Plaintiff,                    :
                                       :
V.                                     :  Case No. 3:13-CV-1130 (RNC)
                                       :
UNITED STATES,                         :
                                       :
         Defendant.                    :


RULING & ORDER

     Petitioner brings this action under 28 U.S.C. § 2241

challenging the Bureau of Prisons' (BOP) calculation of her

federal sentence.[1]  She alleges that the BOP improperly failed to

provide her with credit toward her federal sentence, which was to

run concurrently with her state sentence.

     Pursuant to 18 U.S.C. § 3585(a), which governs the

calculation of federal terms of imprisonment, a federal sentence

begins when the defendant "is received in custody awaiting

transportation to, or arrives voluntarily to commence service of

sentence at, the official detention facility at which the

sentence is to be served."  A federal sentence cannot commence

before it is imposed at the time of sentencing.  Sawyer v. Fed.

Bureau of Prisons, No. 3:09CV1747 (MRK), 2010 WL 2574112, at *2

(D. Conn. Apr. 20, 2010).  Thus, petitioner is eligible to

_____

     [1] Petitioner was incarcerated at the Federal Correctional
Institution in Danbury, Connecticut at the time she filed this
action.  Since then, she has been granted an unescorted furlough
to report to a halfway house for the remainder of her sentence.
See Def.'s Resp., ECF No. 6, at 2.

receive credit for her federal sentence beginning on the date it was imposed: November 17, 2011.  <u>United States v. Harding-Tubbs</u>, No. 1:11-CR-00182(CMA) (D. Colo. Nov. 28, 2011)(judgment, noting November 17, 2011 as date imposed).  This is the date the BOP relied on in its sentence computation.  See Sentence Monitoring Computation Data, Attach. to Pet., ECF No. 1, at 11.

Petitioner is not eligible to receive credit for time spent in federal custody prior to the imposition of her federal sentence.  18 U.S.C. § 3585(b) prohibits a defendant from receiving credit toward service of a federal term of imprisonment for time that has been credited against another sentence. Petitioner was sentenced in state court on June 6, 2011; any time spent in federal custody between then and November 17 was credited toward her state sentence and thus could not be credited toward her federal sentence.[2]  See United States v. Mercedes, No. 99 CR. 1142 SAS, 2007 WL 766306, at *2 (S.D.N.Y. Mar. 14, 2007) ("Because Mercedes received credit for his state sentence while he was physically in federal custody, he is not entitled to any credit under section 3585.  In any event, this Court cannot order the BOP to provide credit against a federal sentence based on prior state incarceration.").

That petitioner's federal sentence of 35 months was to run

---

[2] The record does not indicate, nor does petitioner allege, that she was in federal custody before the date her state sentence was imposed.

concurrently with her state sentence means that she was entitled to receive credit toward her federal sentence beginning November 17, 2011 — the day she was sentenced in federal court — even though she was simultaneously serving and receiving credit for her state sentence.  (In contrast, under a consecutive sentence, the 35-month period would not have started to run until after the completion of her state sentence.)  Even if petitioner's state sentence finishes before her 35-month federal sentence is complete, she must nonetheless serve the remainder of her concurrent federal sentence.  The record indicates that petitioner has properly received credit for her federal sentence.

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is hereby denied.  The Clerk may close the file.

So ordered this 26th day of December, 2013.


                                    /s/RNC
                            Robert N. Chatigny
                         United Stated District Judge